N Jane DuBovy CSB#98817
Mandy S. L. Favaloro, CSB#239482
A2Z Educational Advocates
881 Alma Real Drive, Suite 309
Pacific Palisades, CA 90272
(310) 573-1430 Office
(310) 573 1425 Fax
njanedubovy@a2zedad.com

Attorneys for Plaintiff,
Tulani Bridgewater-Kowalski and Stephen Kowalski

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT

| | |
|---|---|
| TULANI BRIDGEWATER-KOWALSKI AND STEPHEN KOWALSKI,<br><br>Plaintiff,<br><br>v.<br><br>LARCHMONT CHARTER SCHOOL,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR ATTORNEY'S FEES AND COSTS [20 U.S.C. §1415] |

Plaintiff alleges as follows:

1. This action arises under the IDEIA, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act.  This Court has jurisdiction of the

matter under 20 U.S.C. §1415 and 28 U.S.C. §1331.  Pursuant to 20 U.S.C. §1415(i)(3)(A), the District Court's jurisdiction in this matter is without regard to the amount in controversy.  This is an action for reasonable attorney's fees and costs to a prevailing party in an administrative due process hearing brought and decided pursuant to the Individuals with Disabilities Education Act ("IDEA").

2.   Venue is proper is the United States District Court, Central District of California, as authorized by 28 U.S.C. §§1391 and 1392 because Plaintiffs and Defendant are located in this district and the claims arose in this district.

3.   Plaintiffs have exhausted all required administrative remedies in this matter by pursuing a due process case under the California Office of Administrative Hearings on all claims related to the provision of a FAPE alleged herein (OAH Case No. 2019100147)

4.   Plaintiffs in this proceeding are Tulani Bridgewater-Kowalski and Stephen Kowalski, Parents of M.K., a minor child who resides with Parents.  At all times relating to this matter Plaintiff has resided in Los Angeles, California. Parents are responsible for the care, custody, and control of M.K., a minor child with a disability.  Student resides within the boundaries of Los Angeles Unified School District and attended Larchmont Charter School, an independent charter school within the boundaries of LAUSD from September 2011 to September 2019.

5.   Defendant Larchmont Charter School ("Larchmont") is a public charter

school authorized by the Los Angeles Unified School District and duly organized and existing pursuant to the laws of the State of California, located in Los Angeles County, California. Larchmont serves students from transitional kindergarten through high school.

6. Larchmont is an independent charter school operated by its nonprofit public benefit corporation and is a separate legal entity and is solely responsible for its own debts and obligations. Under Larchmont and LAUSD"s Memorandum of Understanding, effective July 1, 2020, if parents' attorneys' fees and costs are to be paid because parents are the prevailing party as a result of a special education due process hearing or settlement agreement based on Larchmont's alleged failure to fulfill its federal and state statutory and regulatory responsibilities, Larchmont will be responsible for payment of those attorney's fees and costs.

7. The Defendant is a recipient of federal financial assistance for purposes of the IDEA and is a "public entity" for purposes of the A.D.A. At all times relevant, Larchmont was the LEA, along with LAUSD, responsible for providing M.K. a Free and Appropriate Public Education ("FAPE") within the meaning of the IDEA. Larchmont is governed by the laws of the State of California, the laws of the United States, and the Constitution of the United States in carrying out its duties and responsibilities.

8. On March 3, 2021 Plaintiff, on behalf of M.K. filed a request for a Due

Process Hearing (OAH Case No. 2021030156) with the Office of Administrative Hearings ("OAH") against both Larchmont and LAUSD. Plaintiffs reached a settlement agreement with LAUSD on June 15, 2021. After that time, the due process hearing continued with allegations solely against Larchmont.

9. On June 19 and 30, and July 1, 7, 8 and 28, 2021, 21-23, 28-29 OAH conducted a virtual due process hearing.

10. On September 21, 2021, OAH issued a decision finding that Student proved by a preponderance of the evidence that he was deprived of a FAPE by reason of Larchmont's predetermination of ERICS in the May 13, 2019 amendment IEP, its failure to provide prior written notice regarding the May 13, 2019 amendment IEP, its failure to implement ERICS regarding the March 5, 2019 IEP, and its failure to offer sufficient goals, services, and supports in the March 5, 2019 and May 13, 2019 amendment IEPs.

11. OAH ordered the District to reimburse Parents in the amount of $23,542.50 for tuition and fees Parents paid to Bridges Academy for Student's attendance during the 2019-2020 school year; reimburse Parents for travel between Student's residence during the 2019-2020 school year and Bridges at the rate of $13.00 per day; provide for 16 hours of ERICS to be provided by a NPA; and to provide 4 hours of training through a NPA to Larchmont's administrators and special education staff concerning requirements and best practices for appropriately

4

amending IEPs.

12.     There were numerous procedural and substantive issues raised.  All of Plaintiff's allegations, both successful and unsuccessful, arose out of a common core of facts, and all of the claims in this matter were substantially and inextricably related.  OAH found that the District violated procedural requirements of the IDEA and failed to offer student a substantively appropriate FAPE throughout the time period in question, with the exception of ESY 2019.

13.     Plaintiff now seeks payment of her reasonable attorneys' fees and costs incurred in the administrative hearing.  Demand for said fees along with a detailed attorney fee statement was provided to the Charter school's counsel on 11/23/21.  A response was sent by Charter counsel on 11/29/21 which stated, "I will follow up with you after my clients have had a chance to review your invoice."  Since that there has been no further communication from Charter counsel.  The 90-day deadline for Defendants to appeal the due process decision expired on 12/17/21.

### **FIRST CLAIM FOR RELIEF**

For Payment of Reasonable Attorneys' fees and Costs
Pursuant to 20 U.S.C. §1415

14.     Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15.     Plaintiff incurred attorneys' fees and costs in the underlying administrative due process hearing.  Plaintiff was the prevailing party on the essential issue of

whether the District provided a FAPE to M.K. and, as such, are entitled to payment of her reasonable attorneys' fees and costs incurred in the prosecution of that matter.

16. Plaintiffs' fees have not been paid by Defendant, despite the presentation of a fee bill to Defendant by Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF PRAYS THAT:

17. Defendant be ordered to pay Plaintiff's the reasonable attorneys' fees and costs she has incurred in the prosecution of the due process hearing in the amount of $137,355;

18. Defendant be ordered to pay reasonable attorneys' fees and costs to Plaintiff for the preparation, filing, and prosecution of this matter; and

19. For all other orders the Court deems proper.

Dated: January 10, 2022

By: /S
N Jane DuBovy
Mandy Favaloro
A2Z Educational Advocates
Attorneys for Petitioner

6